IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

16 MAR 16 PM 3: 26

CLERK-ALBUQUERQUE

TIANA A. G. KAULA,

    Plaintiff,

- VS –　　　　　　　　　　　　　　　NO. 16cv197 SCY

MEGAN J. BRENNON, Postmaster General
of the United States,
Patrick R. Donahoe, 2013 Postmaster General
UNITED STATES POSTAL SERVICE,
c/o/ Western Area, Denver, CO   80266-9411

    Defendants,

## COMPLAINT

I

### INTRODUCTION

1. This is a lawsuit brought pursuant to 42 U.S.C. § 2000e-16(c) for Defendant's discrimination, subjected to a hostile work environment, wrongful termination and retaliation against Ms. Kaula.

II

### JURISDICTION

2. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-16(c). Plaintiff has exhausted all administrative remedies as required by federal statute

and regulation. One hundred eighty (180) days have passed since the filing of the complaint with the United States Postal Service. Ms. Kaula's complaint claims she was discriminated, retaliated against and reprisals were taken against her when Manager, Scott Bissell degraded, physically and verbally abused her. He physically threatened her red-faced and closed fists while yelling orders causing spit on her face and ordered her immediate removal from the workroom floor. This abuse and assault resulted in real harm, loss, pain and suffering, forcing Ms. Kaula to prematurely separate from the Postal Service; ensuing a hostile work environment created by Manager, Scott Bissell.

III

**PARTIES**

3.  Plaintiff is a resident of Bernalillo County, New Mexico and was an employee of Defendant United States Postal Service until August, 2013.

4.  Defendant Donahoe was the Postmaster General of the United States Postal Service at all relevant times to this Complaint. Megan J. Brennan is the current Postmaster General of the United States Postal Service. The Postmaster General is the chief executive officer of the United States Postal Service. As Postmaster General, Defendants Donahoe and Brennan are ultimately responsible for all of the decisions as set out in this Complaint.

5.  Defendant United States Postal Service (USPS) of the United States of America, is an independent establishment of the Executive Branch of the United States government. USPS acted through its agents Donahoe and Brennan.

6.  Defendants Donahoe and Brennan's actions were taken within the course and scope of their employment. When used in this Complaint, the word "Defendants" includes Donahoe, Brennan, USPS, and their agents and employees working within the course and scope of their employment.

## IV

## FACTUAL ALLEGATIONS

7.  Ms. Kaula was hired by Defendants in 1986. In 2009, Ms. Kaula was working as a letter carrier at the Academy USPS station, where she was supervised by Anthony Perez, Supervisor, Customer Services and managed by Rosarita Archuleta, Manager of the Academy USPS station.

8.  In October, 2008, Ms. Kaula was escorted off the workroom floor and later in January, 2009, was wrongfully terminated by Rosarita Archuleta. Later in November, 2009, after a long arbitration, Ms. Kaula was reinstated back to work and it was noted in her file to return her to her original status after an egregious and wrongful removal. As part of the settlement to return to work, Ms. Kaula was not to be retaliated on or against by any part of management and made whole.

9.  Ms. Kaula tried working at the Academy station where she had initially been removed, but after a lengthy and hostile work environment led my Ms. Archuleta, Manager at the Academy USPS station, and a second removal notice of February, 2013 and a second reinstatement, Ms. Kaula was transferred to the Steve Schiff Station under Manager, Scott Bissell.

10. In January, specifically, January 12th, Ms. Kaula reported to the Steve Schiff Station at which time, she returned to work Saturday, January 12, 2013, which happened to be her day off as informed by Supervisor, Joe Alberti. At this time, Ms. Kaula was asked to provide a current CA-17 on her medical status prior to reporting for work.

11. On Monday, January 14, 2013, Ms. Kaula reported to work after seeing her doctor for the necessary documentation she was asked to provide. On her return to the station from the route she worked that same afternoon, the plaintiff was degraded by Manager, Scott Bissell, verbally abused and threatened with red faced and closed fists while yelling orders that would exceed her medical restrictions. Enraged at her return, which had already exceeded her limitations, Manager, Scott Bissell ordered her to leave the building while refusing to issue her any official documentation or paychecks that were due her.

12. As this was her first day to ever meet Mr. Bissell, Ms. Kaula's complaint refers to discrimination and retaliation of her previous EEO and Notice of Removal and as outlined in the terms of the formal settlement agreement voiding and nullifying such agreement as set forth by these actions as set forth in the aforementioned paragraphs.

13. The actions and conduct of Defendants towards Ms. Kaula as set out in her Complaint were intentional or recklessly extreme and outrageous in character, and so extreme in degree as to be regarded as atrocious in a civilized community in the United States in this century. Defendants' actions as set out in

this Complaint were intentional, willful, wanton, oppressive, malicious and done in reckless disregard of Plaintiff's rights.

14. As a result of Defendants' actions, Ms. Kaula and her family have suffered damages, including physical and emotional pain and suffering.

15. Defendants, including management level employees, knew of the hostile environment in which Ms. Kaula was forced to work; as did her peers.

16. All of the actions taken by Mr. Bissell were unwelcome, and all of the words and actions were devastating and inexcusable in one way or another by Ms. Kaula, causing her to fear for her safety. Defendants' actions unreasonably interfered with Ms. Kaula's work performance and created an intimidating, hostile or offensive work environment.

17. Defendants took adverse pre-meditated employment actions against Ms. Kaula after her previous EEO filing complaint and removal. After the reinstatement from the previous EEO and removal complaints, Defendants retaliated against Ms. Kaula by disregarding her doctor's specifications and requiring her to work beyond her limitations to her work injury, interpreting her medical CA-17 without regard to her physical well being.

### FIRST CLAIM FOR RELIEF

18. Defendants' actions as set out in this Complaint violate 42 U.S.C. § 2000e-16.

## SECOND CLAIM FOR RELIEF

19. Defendant's actions as set out in this Complaint violate the plaintiff's rights and as outlined in the previous EEO and Removal settlement agreements, and have not returned Ms. Kaula whole and forced her separation from the United States Postal Service prior to her qualifying retirement age.

**WHEREFORE,** Plaintiff requests that this Court:

- Grant judgment for Plaintiff against Defendants;

- Award her damages in an amount to be determined at trial including compensatory damages;

- Award punitive damages against Defendants as allowed by law;

- Grant her trial by jury;

and

- Grant such other relief as the Court deems just and equitable.

Respectfully submitted,

*Tiana A.G. Kaula*
Tiana A.G. Kaula, Pro Se
4777 Tramway Blvd., NE #114
ABQ, NM 87111
(505) 319-1701