**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TIANA A. G. KAULA,

        Plaintiff,

v.                                      No. 16cv197 RB/SCY

MEGAN J. BRENNON,
Postmaster General of the United States, and
PATRICK R. DONAHOE,
2013 Postmaster General,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT**

        **THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 16, 2016 ("Application"), and on her Complaint, filed March 16, 2016.  For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**.  Plaintiff shall have 21 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

        The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is

frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and that the following information is true: (i) her monthly income is $1,300.00 from a pension from the United States Postal Service; (ii) her monthly expenses are $1,751.00;[1] and (iii) she is unemployed. The Court finds that Plaintiff is unable to pay the filing fee because her monthly expenses exceed her monthly income and because she is unemployed.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such

---

[1] Plaintiff reports her monthly total expenses are $1,751.00. The Court calculated her monthly total expenses, using the itemized expenses in her Application, which gave a range of $50.00 to $150.00 for her food expenses, to be $1,801.00 to $1,901.00.

relief." *See* 28 U.S.C. § 1915(e)(2).   "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."   *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."   *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.   *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.   *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).   However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff brings this case pursuant to 42 U.S.C. § 2000e-16(c) claiming discrimination, hostile work environment, wrongful termination and retaliation based on the following alleged facts.   *See* Complaint at 1-7.   Plaintiff was an employee of the United States Postal Service ("USPS") from 1986 until August, 2013.   In 2009, Plaintiff was wrongfully terminated and reinstated back to work in her original status under a settlement that provided Plaintiff was not to be retaliated against.   Plaintiff was transferred to another station and was asked to provide some documentation regarding her medical restriction.   In January 2013, on her first day to meet her

3

new manager, Scott Bissell, Plaintiff states:

> the plaintiff was degraded by Manager, Scott Bissell, verbally abused and threatened with red faced [sic] and closed fists while yelling orders that would exceed her medical restrictions.   Enraged at her return, which had already exceeded her limitation, Manager, Scott Bissell ordered her to leave the building while refusing to issue her any official documentation or paychecks that were due her.

Complaint ¶ 11 at 4.   In February 2013, Plaintiff received a second notice of removal and a second reinstatement.   Plaintiff alleges Defendants "forced her separation from the United States Postal Service prior to her qualifying retirement age."   Complaint ¶ 19 at 6.   Plaintiff was employed by the USPS until August, 2013.   *See* Complaint ¶ 3 at 2.

Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1)."   *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).   "To set forth a prima facie case of discrimination, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class."   *Khalik v. United Air Lines*, 671 F.3d at 1192.

Plaintiff fails to state a claim of discrimination and unlawful discharge because she makes no allegations that she was qualified for her position and that she was treated less favorably than others not in her protected class.   The Complaint does not allege any facts regarding the termination of her employment other than Defendants "forced her separation."   Complaint ¶ 19 at 6.   The Complaint also does not indicate which protected class she is a member of.   Nor does it allege that she was discriminated against and discharged on the basis her race, color, religion, sex,

or national origin.

Title VII also makes it unlawful for an employer to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a). To state a prima facie case for retaliation under Title VII, a plaintiff must show "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Khalik v. United Air Lines*, 671 F.3d at 1193.

Plaintiff fails to state a claim for retaliation because she makes no allegations that show a causal connection exists between her protected activity and her termination of employment. Plaintiff also does not expressly identify the acts of retaliation or the protected activity, and does not give the dates of the retaliatory acts and protected activity.

Title VII, 42  U.S.C. § 2000e-2(a)(1), also "prohibits subjecting an employee to a hostile work environment."  *Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1262-1163 (10th Cir. 2005).   "To establish a sexually hostile work environment existed, a plaintiff must prove the following elements: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment."  *Dick v. Phone Directories Co., Inc.*, 397 F.3d at 1262-1163.   To state a prima facie case for a racially hostile work environment, a plaintiff must establish the following four elements:   "(1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on [race]; and (4) [due to the

harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015).

Plaintiff's Complaint fails to state a claim for hostile work environment because she makes no allegations that the harassment was based on her being a member of a protected group.

Finally, "[e]xhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court." *Daneshvar v. Graphic Technology, Inc.* 237 Fed.Appx. 309, 313 (10th Cir. 2007).  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").  Plaintiff must complete an administrative process before bringing a Title VII lawsuit in federal court.  *See Laughter v. Gallup Indian Medical Center*, 425 Fed.Appx. 683, 685 (10th Cir. 2011) (describing the administrative process); 42 U.S.C. § 2000e-16(c) (stating the time for bringing a civil action); 29 C.F.R. 1614 (setting forth the administrative requirements for Title VII complaints).

Plaintiff has not alleged sufficient facts to show she exhausted administrative remedies before filing this suit and, consequently, has not met her burden of showing that the Court has jurisdiction over this matter.  Regarding jurisdiction, Plaintiff states only that "Plaintiff has exhausted all administrative remedies as required by federal statute and regulation.  One hundred eighty (180) days have passed since the filing of the complaint with the United States Postal Service."  Complaint ¶ 2 at 1-2.  Conclusory allegations, which include no reference to dates of

the administrative complaint, its resolution, and the underlying incident, among other things, are inadequate to show exhaustion of remedies.   *See Patillo v. Larned State Hosp.*, 462 Fed.Appx. 780, 784 (10th Cir. 2012)   Plaintiff alleges that her manager threatened her on January 14, 2013, and that her employment terminated in August 2013.   However, Plaintiff does not state when or whether she consulted with an EEO counselor, when or whether she received a notice informing her of her right to file a complaint with the USPS, when she filed her complaint with the USPS, when or whether the USPS dismissed the complaint, offered to resolve the complaint or issued a final decision on the merits of the complaint, or when and whether she chose to appeal to the EEOC.

The Court will dismiss the Complaint for failure to state a claim and for lack of jurisdiction.   Plaintiff shall have 21 days from entry of this Order to file an amended complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings").   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Compliance with Rule 11**

While the Court will permit Plaintiff to file an amended complaint, she must do so consistent with Rule 11 of the Federal Rules of Civil Procedure.   *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").   Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims . . . are

> warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).   Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.   *See* Fed. R. Civ. P. 11(c).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim, and which includes the address of every defendant named in the amended complaint.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 16, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Complaint, Doc. 1, filed March 16, 2016, is **DISMISSED without prejudice.**   Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**

8