IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIANA A.G. KAULA,

    Plaintiff,

v.                                                                       Civ. No. 16-197 RB/SCY

MEGAN J. BRENNAN, Postmaster
General of the United States,

    Defendant.

## ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Discovery: Request for Production of Documents. Doc. 29. Plaintiff's Motion is essentially a request for production in that it asks the Court to order Defendant to produce (a) data regarding the U.S. Postal Services' National Reassignment Program, (2) the number of EEO complaints against Scott Bissell and Rosarita Archuleta, and (3) information regarding hostile work environment claims filed against Scott Bissell and the Steve Schiff Station. Doc. 29. For the following reasons, the Court will DENY Plaintiff's Motion.

The Court entered its Scheduling Order on January 19, 2017. Doc.19. The Scheduling Order set a discovery deadline of June 12, 2017. Doc. 19. Plaintiff never requested an extension to this deadline during the discovery phase and no such extension has been *sua sponte* granted. As such, in so far as the Court construes Plaintiff's Motion as a de facto discovery request, the request is untimely.

Furthermore, to the extent that Plaintiff's Motion could also be construed as a request to reopen discovery, Plaintiff Motion fails to establish good cause for such an extension. *See* Fed.R.Civ.P. 16(b)(4) (stating that a "schedule may be modified only for good cause and with the judge's consent"). Plaintiff's Motion provides no basis to extend the discovery deadline. In

1

fact, Defendant represents that it contacted Plaintiff on two occasions to inquire as to whether Plaintiff would be seeking discovery and Plaintiff indicated that she had what she needed.

Finally, to the extent that Plaintiff's Motion could be construed as a motion to compel, it is likewise denied. While Fed.R.Civ.P. 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," such motions may only be filed in certain circumstances. The circumstances permitting such a motion are all contingent on the moving party having initially taken some step to request the discovery that is at issue in the motion. For instance, relevant to the present Motion, Rule 37(a)(3)(B)(iv) provides that a party may move to compel production of documents when "a party fails to produce documents or fails respond that production will be permitted—or fails to permit inspection—as requested under Rule 34." As Plaintiff never proffered a request under Rule 34, a motion to compel under Rule 37 in order to gain discovery that was never sought within the time period set for discovery would be improper.

In sum, while the Court understands its obligations toward pro se parties, "liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). *See also Keeher v. Dunn*, 409 F.Supp.2d 1266, 1270 (D. Kan. 2005) ("plaintiffs are not excused from compliance with fundamental rules of procedure because they are proceeding *pro se*. *Pro se* litigants must follow rules of procedure, including local rules."). In the present case, Plaintiff failed to seek discovery during the approximately six month timeframe.

Accordingly, Plaintiff's request to seek discovery nearly a month after the discovery deadline expired is untimely and is therefore denied.

**IT IS SO ORDERED.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE